IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ARTHUR MEEKS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-00732-K (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

James Arthur Meeks, a former federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his federal sentence credit. The District Court referred the matter to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the petition as moot.

## I.

In case number 3:15-cr-468-K-1, Meeks pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in the U.S. District Court for the Northern District of Texas. On June 8, 2016, he was sentenced to 80 months' imprisonment, and his federal sentence was ordered to run concurrently with two sentences related to convictions in the 194th Judicial District Court in Dallas County that were yet to be imposed.

On February 6, 2020, the Court received Meeks's petition (ECF No. 3). Meeks argues that because his federal sentence was ordered to run concurrently with his subsequently-imposed state sentences, any programs he completed while in state custody should be credited towards his federal sentence for purposes of earning time credit under the First Step Act of 2018 (FSA). Meeks's claim properly falls under § 2241. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2241 is correctly used to attack the manner in which the sentence is executed."); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988) (holding that claims for federal sentence credit are properly brought under § 2241).

On October 9, 2020, the Court received a notice of change of address from Meeks, which stated that he is living at the Volunteers of America in Fort Worth, Texas.[1] Thereafter, on April 13, 2021, Respondent filed a notice stating that Meeks was released from the custody of the Bureau of Prisons (BOP) on April 2, 2021. Meeks has not filed any response.

## II.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief

---

[1] Volunteers of America is a human service organization that assists former prisoners with community re-entry.  https://www.voatx.org/dfw.com (last visited Apr. 19, 2021).

whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F.3d 900, 903 (5th Cir. 2014). Here, Meeks's release from the BOP provided him the relief he ultimately sought in his petition. The petition should therefore be dismissed as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (per curiam) (holding that a federal prisoner's appeal from the denial of a § 2241 petition seeking the expungement of disciplinary reports and restoration of good time credit was moot because the court could not provide him with relief after he was released and the prisoner did not allege that he was subject to future consequences because of the incident report).

III.

For the foregoing reasons, the petition should be DISMISSED as moot.

SO RECOMMENDED.

Signed April 23, 2021.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).